IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-32-1d

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| VS. | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| VAJA SIKHARULIDZE | ) | |
| Defendant | ) | |
| | ) | |

COMES NOW, the Defendant, Vaja Sikharulidze, by and through his undersigned counsel and files this Sentencing Memorandum with the Court, in an effort to assist the Court with the sentencing in this matter.

## STATEMENT OF CASE

On May 3, 2010, the Defendant entered a plea of guilty upon an Information charging a Violation of the Act to Prevent Pollution From Ships in violation of 33 U.S.C. §§ 1907 and 1908(a) and 33 C.F.R. §151.25. The Defendant cooperated with the Government, and is in compliance with all conditions of Pre-Trial release. The Defendant was held on board the M/V CHEM FAROS by the U.S. Coast Guard and not allowed to leave from March 29, 2010 through May 12, 2010. On May 12, 2010, an order was entered by this Court modifying his conditions of release pending sentencing which ordered that he "...participate in ... the following home confinement program component [ ]and abide by all the requirements of the program, and shall be restricted to the Suburban Extended Stay at 245 Eastwood Road, Wilmington, NC, 28403, with supervision by the United States Probation Office, at all times", subject to certain exceptions pre-

approved by his Pre-Trial Service Officer. Sentencing is scheduled for Tuesday, August 17, 2010 in Raleigh, North Carolina.

## NATURE AND CIRCUMSTANCES OF THE CASE

Vaja Sikharulidze's guilty plea is a result of an investigation by the United States Coast Guard which began on or about March 29, 2010 when the M/V CHEM FAROS ported in Morehead City, North Carolina, within the Eastern District of North Carolina. The United States Coast Guard (USCG) was conducting a Port State Control examination making sure the vessel was operating in compliance with U.S and International Law. Part of this inspection involves reviewing the ship's Oil Record Book, (ORB) which is required to contain any information about any transfer or disposal of its oil sludge or oil-contaminated wastewater. During the inspection, an oiler with the engine crew passed a note to the USCG Inspector stating to him that there had been an illegal discharge of bilge wastewater without first processing the wastewater through the Oily Water Separator (OWS). Further investigation revealed a "magic pipe" in the workshop in the engine room. It was determined by the USCG that the OWS was, with the use of this "magic pipe", bypassed and oil-contaminated wastewater pumped overboard by the prior chief engineer on several occasions.

The crew members interviewed by the USCG stated that the Defendant, Vaja Sikharulidze, ordered them on one occasion on March 18, 2010 to bypass the OWS and pump oil-contaminated bilge wastewater overboard. It was determined that the pumping lasted approximately three hours and approximately 50 cubic meters of oil-contaminated wastewater was discharged directly overboard on this occasion. This occurred outside the territorial jurisdiction of the United States.

It was further determined during the investigation that Vaja Sikharulidze failed to maintain an accurate ORB for the M/V CHEM FAROS. Vaja Sikharulidze entered false entries into the

ORB from March 6, 2010 to March 17, 2010 to hide the discharges of the prior Chief Engineer. Further, on March 18, 2010 the Defendant failed to enter into the ORB the improper discharge that he had ordered. On April 20, 2010 a plea agreement was signed by the Defendant, and on that date, he was fully de-briefed by AUSA Banu Rangarajan, Trial Attorney Shennie Patel, Environmental Crimes Section, U.S. Department of Justice and Coast Guard Investigators. The defendant fully cooperated with the Government and was completely truthful during his de-briefing. As a result, in part, of Mr. Sikharulidze's substantial cooperation, the company owning the M/V CHEM FAROS entered a plea of guilty to violations of the Act to Prevent the Pollution of Ships, 33 U.S.C. §1908(a) and Making and Use of Material False Writings, 18 U.S.C. §1001(a)(3) on June 7, 2010 and was sentenced to five years probation and ordered to pay an $850,000.00 fine. The Government has filed a 5K1.1. Motion for Downward Departure on behalf of the defendant.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Vaja Sikharulidze is fifty-eight (58) years old and a life-long resident of Batumi, Republic of Georgia. He attended twelve years of primary school and four years at the Maritime Academy in Batumi, Republic of Georgia, where he earned a graduate degree in Marine Engineering.

Upon graduation from Batumi Maritime Academy in 1973 (now Batumi Maritime University), Vaja began work as a seaman. His specialty became working with equipment-specifically maritime equipment. He started his career as an oiler, worked his way up the chain of command and eventually became a Chief Engineer. He left the sea in approximately 1994 due to the illness and paralysis of his father, whom he took care of until he died. He returned to the sea in approximately 2004 and began work as a second engineer because of the ten year gap in being an active seaman. In approximately 1995 he began teaching at Batumi Maritime Academy. Since

returning to sea, his normal year is to stay at sea five to six months and then teach at the academy for five to six months.

After returning to sea as a second engineer in 2004, Vaja became a Chief Engineer again in 2008. He worked with different companies while working his way back to Chief Engineer. As Chief Engineer Vaja was in charge of the Oil Record Book (ORB) in which he makes the entries attesting to the accuracy of the transfers or discharge of any oil sludge or oil-contaminated wastewater. On January 7, 2010, Vaja boarded the M/V CHEM FAROS and trained to replace the departing Chief Engineer until March 4, 2010. On March 5, 2010 he became Chief Engineer of this vessel. It was during this time that Vaja ordered the illegal discharge of oil-contaminated wastewater on March 18, 2010, and made false entries into the ORB.

Vaja Sikharulidze has been married for twenty-eight years to his wife, Dodo Dzneladze. Two children were born of this union; a son, who is a student at the University in Batumi, Georgia and a daughter, who is married and lives in Tbilisi, Georgia.

The Defendant suffers from extremely high blood pressure, back pain and ringing in his ears. Since being placed in "the home confinement program component " in the Suburban Extended Suites, Wilmington, North Carolina, he has had to see a doctor three times because of uncontrollable blood pressure. He is heavily medicated with blood pressure medication and when your undersigned counsel visited with him on Friday, July 30, 2010, at 11:25 a.m. the Defendant's blood pressure, when taken with a wrist cuff, was 207/108. When he last visited the doctor, the doctor informed him that his systolic number was 240. The Defendant's brother Tariel died as a result of his heart hemorrhaging due to high blood pressure.

The Defendant has received no pay from this employer since May, 2010. His subsistence payments have been reduced and/or completely stopped by his employer since early to mid July,

2010. The Defendant has been assisted in purchasing food and paying for his hotel by the former local counsel for the company and your undersigned attorney.

## SENTENCING

Prior to the instant conduct, the Defendant has never been charged or convicted of any criminal offense. He has led an honorable life for more than fifty-seven (57) years; the criminal conduct for which he stands charged is abnormal. Vaja Sikharulidze studied hard in school, worked his way up through the seaman ranks, and rose to the top of his chosen profession to become a Chief Engineer. In addition, he was hired as a Professor at the Maritime University in his hometown.

The Defendant acknowledges his transgressions. As a result of his actions, he has humiliated himself in the eyes of his wife and two children. He has embarrassed the name that he built and cultivated for decades. Vaja Sikharulidze is not dangerous, not a threat to the public and there is absolutely no likelihood of recidivism. He is truly remorseful for his conduct.

When asked to cooperate by the Government the Defendant immediately agreed, and has been totally truthful with the Government. As a result, the Government has filed a 5K1.1 motion for a downward departure. In addition to his guilty plea to a felony grade crime, it is submitted that Mr. Sikharulidze has been greatly punished in that he disgraced his family and besmirched a fifty-seven year exemplary record. In addition to the future employment that he will be denied as a Chief Engineer, he will wear this albatross for the remainder of his life.

## CONCLUSION

Vaja Sikharulidze realizes that he made serious mistakes, admitted his guilt and will accept his punishment. The Defendant respectfully requests this Court consider his confinement to the M/V CHEM FAROS from March 29, 2010 through May 11, 2010 and the "home confinement

program component" at the Suburban Extended Stay in Wilmington, NC from May 12, 2010 through August 16, 2010 in fashioning a fair sentence. The Defendant respectfully asks the Court to consider, in light of the prior restrictions on his liberty for four and one half (4 ½) months, and his full cooperation with the Government, imposing a sentence that will allow him to return to his home in the Republic of Georgia.

Respectfully submitted this ____4____ day of __August__, 2010.

JOHNSON, PARSONS & HOBSON, P.L.L.C.

By: _____
W. DOUGLAS PARSONS
PO Drawer 1049
Clinton, North Carolina 28328
Telephone: (910)592-7066
NC State Bar: 6806

CERTIFICATE OF SERVICE

I, W. Douglas Parsons, Attorney for the Defendant, do hereby certify that I have this day duly served a copy of the foregoing Sentencing Memorandum on Assistant United States Attorney Banu Rangarajan, as follows:

by CM/EF, (electronic filing)

    This the 4 day of August, 2010.

JOHNSON, PARSONS & HOBSON, P.L.L.C.
Attorneys for Defendant

BY: /s/ W. Douglas Parsons
W. DOUGLAS PARSONS
P. O. Drawer 1049
Clinton, North Carolina 28329-1049
Telephone: (910) 592-7066
NC State Bar: 6806

Sworn to and subscribed before me this the 4th day of August, 2008.

/s/ Charlotte J Wilkerson
NOTARY PUBLIC

My Commission expires: 3/13/14